UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 2:13-cv-13535-BAF-LJM |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address 76.112.97.202, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND RENEWED MOTION FOR LEAVE TO FILE ITS REQUEST FOR ENTRY OF CLERK'S DEFAULT PURSUANT TO FED. R. CIV. P. 55(a) UNDER SEAL**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, hereby: (a) responds to the Court's Order to Show Cause [CM/ECF 16] as to why this case should not be dismissed for lack of prosecution, and (b) respectfully renews its Motion for Leave to File Its Request for Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 55(a) Under Seal [CM/ECF 14], and in support thereof, states:

1. Through this suit, Plaintiff alleges that John Doe Defendant ("Defendant"), which Plaintiff has established is the Internet service subscriber assigned Comcast IP address 76.112.97.202, is liable for direct infringement of Plaintiff's copyrighted movies.

2. On August 16, 2013, Plaintiff filed its Complaint [CM/ECF 1] for copyright infringement against Defendant.

3. On August 21, 2013, this Court entered an Order [CM/ECF 5] granting Plaintiff's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference on Defendant's Internet Service Provider (ISP) Comcast.

1

4. The subpoena sought identifying information from Comcast to establish who was assigned Comcast IP address 76.112.97.202, which Plaintiff's investigator had detected as infringing Plaintiff's copyrighted movies. The Court's Order granted leave to serve the subpoena, but prohibited Plaintiff from publically naming the John Doe defendant so identified.

5. On August 22, 2013, Plaintiff issued its subpoena, and received Comcast's response (the "Comcast Response") on October 17, 2013. The Comcast Response named Defendant as the subscriber assigned IP address 76.112.97.202.

6. Based on this information, Plaintiff then amended its Complaint to name the subscriber identified by Comcast as Defendant, and on November 14, 2013, filed its Amended Complaint under seal. [CM/ECF 8]. Defendant was served with the Amended Complaint and Summons on January 4, 2014. [CM/ECF 12].

7. Defendant has failed to file a single pleading or otherwise defend this action since being served.

8. Accordingly, on July 7, 2014, Plaintiff filed a Motion for Leave to File Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) Under Seal. [CM/ECF 14].

9. On July 25, 2014, the Court denied Plaintiff's Motion "because the proof of service merely lists the name of the individual served, without establishing whether that individual and the subscriber assigned the specific IP address in this case are one and the same . . . [.]" [CM/ECF 15].

10. In order to address the Court's concern, Plaintiff is prepared to file with the Court the "Comcast Response," which establishes that the John Doe individual sued in this case and the Comcast subscriber assigned IP address 76.112.97.202 are, in fact, one and the same. Plaintiff

2

must, however, respect the Court's Order directing that Plaintiff refrain from publically identifying Defendant.

11. Plaintiff thus proposes to file the Comcast Response as part of its Motion for Entry of Clerk's Default, which it proposes to file under seal in accordance with the Court's Order. Accordingly, Plaintiff hereby renews its Motion for Leave to File Its Request for Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 55(a) Under Seal.

12. Plaintiff's renewed filing will allay any concerns the Court has concerning the identification of the subscriber assigned the subject IP address, and will allow for a proper default to be entered against Defendant for failing to plead or defend this suit.

13. Plaintiff's request herein is made within a suitable time frame to avoid dismissal for lack of prosecution, and is not made for any improper purpose. *See, e.g., Snavley v. Redman*, 107 F.R.D. 346, 348 (E.D. Mich. 1985) (dismissing case for lack of prosecution after 19 months of inactivity).

**WHEREFORE**, Plaintiff respectfully requests that the Court: (a) not dismiss this case for lack of prosecution; (b) grant leave for Plaintiff to file its request for entry of Clerk's Default under seal, and (c) for such other and further relief as the Court deems just and proper. A proposed order is attached for the Court's convenience.

Dated: October 2, 2014

        Respectfully submitted,
        NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
      Paul J. Nicoletti, Esq. (P-44419)
      33717 Woodward Ave, #433
      Birmingham, MI 48009
      Tel:  (248) 203-7800
      E-Fax: (248) 928-7051
      Email:  pauljnicoletti@gmail.com
      *Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND RENEWED MOTION FOR LEAVE TO FILE ITS REQUEST FOR ENTRY OF CLERK'S DEFAULT PURSUANT TO FED. R. CIV. P. 55(a) UNDER SEAL has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3). This document was prepared using Times New Roman (12 pt.).

Dated: October 2, 2014

By: /s/ *Paul J. Nicoletti*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*